**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELENA V. BALDAEVA; et al., | No. 07-75099 |
| Petitioners, | Agency Nos. A098-522-653 |
| v. | A098-522-654 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2009[**]
Seattle, Washington

Before: FERNANDEZ, KLEINFELD and CLIFTON, Circuit Judges.

Elena V. Baldaeva, a native of the Buryat Republic and a citizen of the

Russian Federation, petitions for review of the BIA's order dismissing her appeal

from an IJ's decision denying her application for asylum. Baldaeva's co-petitioner

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

is her Romanian husband, Raul Petrisor, whose claim is derivative of his wife's application. We deny the petition.

Substantial evidence supports the BIA's finding that Baldaeva suffered no past persecution. The harassment, discrimination, and rudeness that she experienced, even considered cumulatively, did not rise to the level of persecution. *See Kumar v. Gonzales*, 439 F.3d 520, 524 (9th Cir. 2006). Because she suffered no past persecution, Baldaeva bears the burden of establishing that she has a well-founded fear of persecution and cannot reasonably relocate within Russia. 8 C.F.R. § 1208.13(b)(3)(i).

Substantial evidence also supports the BIA's determination that Baldaeva does not face a well-founded fear of future persecution. Her evidence of racially motivated violence was limited to certain metropolitan areas, and Baldaeva did not meet her burden of establishing the unreasonableness of relocating to another part of Russia.

Assuming without deciding that the birth of Baldaeva's child is material to her asylum application, the BIA did not abuse its discretion in denying her motion to reopen. To merit granting a motion to reopen, the movant must make a *prima facie* showing of eligibility for asylum. *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003). Even if all the facts that Baldaeva has pleaded are true, the birth of her

2

child does not establish *prima facie* eligibility for asylum because it does not negate the possibility of relocation within Russia. The evidence Baldaeva presented of the persecution faced by mixed race persons was limited to her native Buryatia.

To prevail on her due process claim, Baldaeva must show "error and substantial prejudice." *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). She has shown neither. The IJ did not err by limiting the testimony of Baldaeva's lay witness to facts about which the witness had personal experience. An IJ acts within his statutory powers when he limits proffered testimony to relevant evidence. *See* 8 C.F.R. § 1240.1(c). The witness was allowed to provide relevant evidence about his own persecution and was only prevented from speculating about how Buryatian people would treat Baldaeva and her family and whether they would be safe elsewhere in Russia. The exclusion of this evidence did not prejudice Baldaeva because her witness, who lived in Buryatia and was of African and Buryatian ancestry rather than Romanian and Buryatian ancestry, was not established to be qualified to testify to the likelihood that Baldaeva and her family would be persecuted throughout Russia. The record reveals that Baldaeva received what due process requires: "a full and fair hearing of [her] claims and a reasonable

opportunity to present evidence on [her] behalf." *Robleto-Pastora v. Holder*, 567

F.3d 437, 450 (9th Cir. 2009).

**PETITION DENIED.**